**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MILDRED ESPADA,**
                  **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1685-Orl-18KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**
                  **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) (Doc. No. 18)** |
| **FILED:** | September 25, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

| | |
|---|---|
| **MOTION:** | **UNOPPOSED AMENDED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) (Doc. No. 20)** |
| **FILED:** | October 7, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The plaintiff, Mildred Espada, seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on June 27, 2008. Doc. No. 17. An award of fees is, therefore, ripe for consideration.

Espada's attorney seeks $4,811.97 in attorney's fees for 29 hours of work: 4.4 hours of work performed in 2007; and 24.6 hours of work performed in 2008. Doc. No. 20-2. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Espada has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $165.93 per hour for work performed in 2007, and she seeks to apply the same rate to work performed in 2008. The defendant, the Commissioner of Social Security, does not oppose the motion. Doc. No. 20 at 3.

After reviewing the papers submitted by Espada, I find that the fees requested are appropriate in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorneys' fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Espada submitted an Assignment by which she assigned any attorney's fees awarded by the Court pursuant to the EAJA to Attorney Fugate. Doc. No. 20-4. Espada, being the individual entitled to any EAJA attorney's fees awarded by the Court, had the right to assign those fees to her counsel. *See, e.g., Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at * 2-3 (N.D. Fla. June 24, 2008).

Accordingly, it is **RECOMMENDED** that the Court direct the Commissioner to pay to Attorney Fugate $4,811.97 in attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 7, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE